NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0147n.06

Case No. 24-3002

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 17, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JAMES F. WATSON, | ) ) | |
| Defendant-Appellant. | ) ) | O P I N I O N |

Before: STRANCH, THAPAR, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. James Watson appeals the district court's denial of his motion to dismiss an indictment, which charged him with being a felon in possession of a firearm and ammunition. In his motion he argued that 18 U.S.C. § 922(g)(1) was unconstitutional. He later pleaded guilty but preserved a limited right to appeal. He now admits that binding precedent stands against his facial and as-applied challenges to § 922(g)(1), but he seeks to preserve these challenges in case of later reversal of that precedent. We affirm.

**I.**

In October 2022, law enforcement responded to calls about a man acting erratically and placing a gun in a trash can outside a gas station. Identifying the man as Watson from video surveillance footage, law enforcement arrested him, and a federal grand jury charged him with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(8). At the time of his arrest, Watson was serving a nine-month state probation term for possession of cocaine and was not permitted to possess a firearm because of a 2012 burglary conviction. Watson moved to dismiss the indictment, arguing that § 922(g)(1) was unconstitutional under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). The government opposed the motion, arguing that § 922(g)(1) was constitutional on its face and as applied to Watson. The district court, consistent with precedent finding § 922(g)(1) facially constitutional, denied Watson's motion to dismiss. Watson ultimately pleaded guilty to being a felon in possession of a firearm but reserved the right to appeal the denial of his motion to dismiss. He then timely appealed.

**II.**

We review de novo the district court's denial of Watson's motion challenging the constitutionality of § 922(g)(1). *United States v. Goins*, 118 F.4th 794, 797 (6th Cir. 2024).

### 1. Facial Challenge

As an initial matter, we recently held in *United States v. Williams* that § 922(g)(1) "is constitutional on its face." 113 F.4th 637, 662 (6th Cir. 2024). Watson's argument to the contrary thus faces the insurmountable obstacle of binding precedent. Undeterred, Watson insists that "[t]his Court's decision in *Williams* is wrong." (ECF 27, Appellant Br., 8). But, as he seemingly acknowledges, we are bound by our own precedent. No three-judge panel of this court can overrule a published decision of the court. *United States v. Hardin*, 539 F.3d 404, 411 (6th Cir. 2008). This includes *Williams*. So, Watson's facial challenge fails.

### 2. As-Applied Challenge

Watson argues for the first time on appeal that § 922(g)(1) is unconstitutional as applied to him because he is not dangerous. But Watson's conditional guilty plea does not appear to preserve

this as-applied challenge. Instead, Watson "expressly and voluntarily waive[d]" his appellate rights with the exception of "the right to appeal [] any ruling based on the Court's denial of [his] motion to dismiss the indictment" and certain delineated sentencing issues not at issue here. (R. 26, PageID 118). Notably, the district court's ruling did not address whether § 922(g)(1) is unconstitutional as applied to Watson since that question was not before it.[1] Thus, there was no denial of an as-applied challenge for Watson to appeal. When a defendant, as here, fails to preserve a specific issue for appeal in his plea agreement, that issue is not properly before us. *See United States v. Alexander*, 540 F.3d 494, 504–05 (6th Cir. 2008); Fed. R Crim. P. 11(a)(2). This is a claims-processing rule that we must enforce when the government invokes it. *See United States v. Hack*, 999 F.3d 980, 983–84 (6th Cir. 2021). The government has not invoked the rule here and so has forfeited it. *See Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019). We will therefore consider Watson's as-applied challenge.

When a defendant raises an as-applied challenge to § 922(g)(1) for the first time on appeal, we review under a plain-error standard. *See United States v. Alvarado*, 95 F.4th 1047, 1051 (6th Cir. 2024). But here the government indicates that de novo rather than plain-error review applies, presumably based on the perceived ambiguity of Watson's claim below: "[i]t is unclear what type of [constitutional] challenge Watson raised in his motion." (ECF 28, Appellee Br., 8–9). Watson agrees that de novo review applies. Given our observation that Watson did not advance any argument establishing an as-applied challenge in his motion before the district court, we are skeptical of this position. But we need not resolve which standard applies because, under either

---

[1] While the government states that the type of claim Watson raised below—facial or as-applied—is "unclear" (ECF 28, Appellee Br., 8), by our reading, Watson's motion advanced no argument concerning his own dangerousness or the unconstitutionality of § (922)(g)(1) as specifically applied to him. It is thus unsurprising that the district court's opinion neither acknowledged nor addressed such a claim.

standard, Watson's as-applied challenge fails. This is because Watson cannot meet his burden of showing that he is "not actually dangerous." *Williams*, 113 F.4th at 663.

In *Williams* we held that § 922(g)(1) is constitutional both "on its face and as applied to dangerous people." *Id.* at 662–63. We acknowledged that § 922(g)(1) "might be susceptible to an as-applied challenge in certain cases" and that a defendant is generally entitled to "an opportunity to make an individualized showing that he himself is not actually dangerous." *Id.* at 657, 663. Guidance from *Williams* tells us that an individual who has committed "a crime 'against the body of another human being'" or "a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary . . . will have a very difficult time, to say the least, of showing he is not dangerous." *Id.* at 663. To determine whether an individual is dangerous, courts are to "make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Id.* And when evaluating Watson's dangerousness, courts "may consider a defendant's entire criminal record—not just the specific felony underlying his § 922(g)(1) conviction." *Id.* at 659–60.

Watson argues that although he has "a lengthy history of substance abuse, he is not a danger to the community." (ECF 27, Appellant Br., 11). He says that his burglary conviction is twelve years old and that his recent convictions for driving under suspension, possession of cocaine, and obstructing official business, as well as the facts of the instant offense, do not indicate he is dangerous. We are not persuaded.

Considering Watson's long criminal record, there is sufficient evidence to support a finding of dangerousness. Watson's forty-six prior adult convictions include burglary, misdemeanor domestic violence, operating a vehicle while intoxicated, and aggravated menacing. To begin, Watson was convicted of first-degree domestic violence. As we have observed, domestic-violence

convictions generally involve a form of physical force. *United States v. Gailes*, 118 F.4th 822, 827 (6th Cir. 2024). A first-degree domestic violence conviction under Ohio law means that Watson caused or attempted to cause physical harm, or recklessly caused serious physical harm, to a family or household member. Ohio Rev. Code Ann. § 2919.25. Given this potential for harm, "[i]t is no surprise then that Congress sought to deprive people with domestic-violence convictions from possessing firearms" under § 922(g)(9). *Gailes*, 118 F.4th at 827. And we have concluded that there is historical support for doing so in line with *United Sates v. Rahimi*, 602 U.S. 680 (2024) and *Williams*. *Id.* Watson's domestic-violence conviction supports a finding of dangerousness under § 922(g)(1) as applied to him.

Watson asks us to look to his more recent convictions as better evidence of his lack of dangerousness now. Even there, Watson's argument falters. The presentencing report shows that during the 2018 aggravated menacing incident, Watson threatened a woman, smashed her car window, and told her that if she did not give him a ride, he would kill her. "When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Rahimi*, 602 U.S. at 698. Watson's record of first-degree domestic violence, combined with violent threats that amounted to aggravated menacing, establishes that he is dangerous. Watson's other convictions, which include burglary and operating a vehicle while intoxicated, provide other potential evidence of dangerousness, but we need not explore their underlying facts, as the facts already discussed sufficiently show that § 922(g)(1) is constitutional as applied to Watson.

Since *Williams*, we have consistently declined defendants' as-applied challenges under the Second Amendment when their criminal records reflected convictions and conduct similar to those contained in Watson's record. *See, e.g., United States v. Morton*, 123 F.4th 492, 499 (6th Cir. 2024) (holding that defendant's record of wanton endangerment and assault resulting from a

domestic-violence incident demonstrated dangerousness and there was no need for remand); *United States v. Wellington*, No. 24-3151, 2024 WL 4977138, at *2 (6th Cir. Dec. 4, 2024) (no plain error because "[Defendant] is dangerous given his convictions for drug trafficking and attempted domestic violence."); *United States v. Moss*, No. 24-3105, 2024 WL 4903832, at *1 (6th Cir. Nov. 27, 2024) (no plain error when defendant's prior convictions included burglary); *United States v. Hewlett*, No. 23-2040, 2024 WL 4564645, at *4 (6th Cir. Oct. 24, 2024) (no plain error when defendant's prior convictions included drug trafficking and violence). Likewise, Watson's as-applied challenge fails.

**III.**

We AFFIRM.